IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.                          Case No. 2:20-CR-149

                             JUDGE EDMUND A. SARGUS, JR.

**DAVID TYRONE PANKEY,**
    **Defendant.**

## OPINION AND ORDER

This matter arises on Defendant David Tyrone Pankey's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 43.) Defendant, however, has failed to exhaust his administrative remedies, which is a mandatory prerequisite to considering the merits of his request. But even if the Court were to consider the merits of Defendant's motion, his circumstances are neither extraordinary nor compelling, and the § 3553(a) factors weigh against early release. Therefore, as set forth in further detail herein, Defendant's motion is **DISMISSED WITHOUT PREJUDICE**. (*Id.*)

### I.  BACKGROUND

On November 18, 2020, Defendant pled guilty to a single count of possessing a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) (J., ECF No. 39.) On April 8, 2021, the Court sentenced Defendant to 42 total months of imprisonment, followed by three years of supervised release. (*Id.*)  Two years have passed since that date.

On December 1, 2022, Defendant submitted a request for compassionate release to the Warden at the USP Hazelton facility.  (ECF No. 45-1.) In his request, Defendant argued that early release was appropriate because he needed to care for his children because their mother had lost

1

her job and was suffering from depression, and therefore she was unable to provide adequate care. (*Id.*) On January 9, 2023, the Warden denied the request. (ECF No. 45-2.) In denying the request, the Warden noted that Defendant needed to provide medical documentation supporting "the incapacitation of the family caregiver and verifiable documentation that the inmate is the parent of the child (birth certificates, paternity verification or adoption papers)." (*Id.*) The Warden also requested a statement from Defendant explaining that the "family caregiver was the only family member capable of caring for the inmate's child." (*Id.*) Finally, the Warden referenced Defendant's active detainer from the Ohio Department of Rehabilitation and Corrections, "which must be resolved before your RIS can be processed."[1] (*Id.*) Thereafter, on April 5, 2023, Defendant, through counsel, filed the instant motion for compassionate release. (ECF No. 43.) In the pending motion, Defendant seeks compassionate release due to his deteriorating mental health and his inability to receive mental health treatment and partake in appropriate rehabilitative programming while incarcerated. (*Id.*) The government opposes Defendant's request. (ECF No. 45.)

## II. LEGAL STANDARD

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] "RIS" refers to Defendant's "Reduction in Sentence" request. (See ECF No. 45-1.)

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *United States v. Ruffin*, the statute contains "three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1006 (6th Cir. 2020). First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III. ANALYSIS

Defendant's motion argues that early release is appropriate under the above framework because: (1) Defendant's deteriorating mental health and his inability to engage in any rehabilitative programming constitute "extraordinary and compelling circumstances" justifying compassionate release; (2) early release is consistent with the relevant Sentencing Commission policy statements; and (3) the pertinent § 3553(a) factors weigh in favor of early release. (ECF No.

43 at 4-6.) In response, the Government argues that Defendant's motion is procedurally deficient because he failed to exhaust his administrative remedies in applying for compassionate release. (ECF No. 45 at 3-4.) The Government also argues that Defendant's motion fails on the merits—that is, Defendant's proffered reasons for early release are neither extraordinary nor compelling, and the relevant § 3553(a) factors weigh against Defendant's release. (*Id.* at 4-7.) The Court will address each argument in turn.

### A. Exhaustion

A defendant may file a motion for early release under § 3582(c)(1)(A), but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). This exhaustion requirement is mandatory when properly invoked by the government. *Alam*, 960 F.3d at 833–34.

On December 1, 2022, Defendant submitted his request to the warden of his facility, asserting that compassionate release was warranted because the mother of his children lost her job due to her depression and is incapable of taking care of them. (ECF No. 45-1.) Defendant then filed the instant motion on April 5, 2023, in which he argues that his "extraordinary and compelling" reasons for compassionate release are his failing mental health and his inability to engage in any rehabilitative programming while incarcerated. (ECF No. 43.)

It appears that Defendant properly waited 30 days after submitting a request for release with the BOP before filing his motion. Be that as it may, Defendant's motion raises claims that he did not voice to the BOP in his request for a reduction in sentence. Accordingly, the Court finds that Defendant has failed to properly exhaust the arguments contained in the instant motion. *See*

*United States v. MacLloyd*, 2022 U.S. App. LEXIS 21334, *5–6 (6th Cir. Aug. 2, 2022) (affirming district court's finding that defendant failed to demonstrate exhaustion where defendant raised new arguments in his motion that he did not include in his administrative request); *United States v. Wardle*, 2021 U.S. Dist. LEXIS 199018, *4 (E.D. Ky. Oct. 14, 2021) (holding that defendant failed to exhaust his administrative remedies where the grounds for relief presented in defendant's motion to the court differed from those presented in his compassionate release request to the BOP); *United States v. Alderson*, 2020 U.S. Dist. LEXIS 145775, *4-5 (E.D. Mich. Aug. 13, 2020) (same); *see also United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. June 5, 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the courts.").

Because the administrative exhaustion requirement is a mandatory condition that the Government has properly invoked, the Court must dismiss Defendant's motion without prejudice. *Alam*, 960 F.3d at 836.

### B. Extraordinary and Compelling Reasons

Even if the Court were to consider the arguments Defendant raises in his motion, he is not entitled to relief. Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (citing *Webster's Third New International Dictionary: Unabridged* 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

Defendant argues that his deteriorating mental health (namely, depression and anxiety), combined with his inability to partake in rehabilitative programming, compel the Court to grant

5

his motion. The Court disagrees. Beginning with Defendant's failing mental health, Defendant fails to provide any documentation corroborating his condition or that he is receiving inadequate medical care. Simply put, there is insufficient medical information to conclude that Defendant is entitled to relief due to his declining mental health. *See United States v. Morris*, 2022 U.S. Dist. LEXIS 214620, *8-9 (E.D. Mich. Nov. 29, 2022) (declining to find defendant's "mental health issues" to be "extraordinary and compelling" where defendant claimed to suffer PTSD but failed to provide any record of such diagnosis). Notwithstanding the absence of documentation, anxiety and depression still fall short of providing an "extraordinary and compelling" reason to justify early release. *See United States v. Jobalia*, 2022 U.S. Dist. LEXIS 203917, *12 (S.D. Ohio Nov. 8, 2022) ("Regardless, [defendant's] alleged conditions—hypertension, liver disease, liver cirrhosis, a history of smoking, *anxiety*, *depression*, and physical inactivity—do not rise to the rare and extraordinary level sufficient to warrant compassionate release.") (emphasis added).

Turning to Defendant's inability to engage in rehabilitative programming, this circumstance also fails to provide the Court with an "extraordinary and compelling" reason justifying compassionate release. *See United States v. Brant*, 2022 U.S. Dist. LEXIS 214003, *8 (E.D. Mich. Nov. 22, 2022) ("[T]he Court agrees with the Government that loss of access to rehabilitative programming—whether because of the state detainer or the pandemic—does not constitute an "extraordinary and compelling reason" for sentence reduction."); *United States v. Perez*, 549 F. Supp. 3d 716, 717 (N.D. Ohio 2021) (recognizing that the "lack of rehabilitative programming during the pandemic" is "particularly difficult" for incarcerated persons, but finding no extraordinary and compelling circumstances that justified early release); *cf. Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (noting in the context of a compassionate release motion that the defendant does not "have a constitutional right to participate in any prison rehabilitation

programs").

In sum, the Court finds Defendant lacks an "extraordinary and compelling" reason warranting compassionate release. With that being said, the Court wishes to emphasize the importance of inmates being able to participate in rehabilitative programming. To that end, the Court hereby recommends that Defendant be permitted to receive such programming despite being subject to ODRC's detainer.

### C. Section 3553(a) Factors

Even assuming that extraordinary and compelling reasons exist in this case, the Court would still deny Defendant's motion on a balancing of the 18 U.S.C. § 3553(a) sentencing factors. This inquiry requires the Court to examine the relevant § 3553(a) factors, which include, in part: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a)(1)-(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). While the court need not "specifically articulat[e]" every § 3553(a) factor during its analysis, the "record as a whole" (the initial sentencing and sentencing-modification proceedings) must establish that the court took into consideration the "pertinent factors." *Jones*, 980 F.3d at 1114.

This Court has thoroughly reviewed the sentencing proceedings in this case, coupled with the parties' submissions related to the instant motion, and finds that early release is not warranted under the § 3553(a) sentencing factors. First, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh against release. 18 U.S.C. § 3553(a)(1).

7

Beginning with the nature and circumstances of the offense, the Court cannot look past the seriousness of Defendant's conviction (possession of a firearm by a prohibited person) and the facts upon which it rests. (*See* Plea Agreement, ECF No. 21.) While on supervision for a previous firearm offense, Defendant entered a convenience store and was observed brandishing a loaded 9mm handgun. (*Id.*) In addition, videotape from the store recorded Defendant pointing the firearm at a customer and then hitting the customer with the firearm. (PSR ¶ 11, ECF No. 28.) The nature and circumstances of this offense require punishment, deterrence, and the need to protect the public.

Defendant's "history and characteristics" also militate against early release. The Court acknowledges that Defendant's motion, along with the Presentence Investigation Report, detail a truly disadvantaged and difficult childhood marked by poverty, instability, and turmoil. (Mot. at 5, ECF No. 43; PSR ¶¶ 45-47, 63, ECF No. 28.) But consideration of Defendant's history and characteristics also requires the Court to examine Defendant's criminal history. A review of Defendant's criminal history compounds the seriousness of the conduct at issue here. In 2011, Defendant was convicted of aggravated robbery with a firearm specification for which he was sentenced to a total of five years imprisonment. (PSR ¶ 39, ECF No. 28.) In 2017, Defendant was convicted of having a weapon while under disability with a firearm specification for which he received a total of 30 months imprisonment. (*Id.* ¶ 40.) And in 2010, Defendant was convicted for attempted improper handling of a firearm in a motor vehicle, resulting in two years of community control. (*Id.* ¶ 37.) All these offenses involved a firearm, and two of the offenses were accompanied by substantial prison sentences that were insufficient to deter Defendant from unlawfully possessing a firearm in the instant case. Thus, Defendant's criminal history and continued criminal conduct despite previous imprisonment does not support early release.

Moving on to the other § 3553(a) factors, release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). The Court carefully reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted the Court's 42-month sentence—a sentence already below the Guideline range—weigh against reducing Defendant's sentence any further.

Having carefully considered the entire record and weighed the pertinent sentencing factors as required, the Court concludes that the § 3553(a) weigh against compassionate release and sentence modification.

### IV.  CONCLUSION

As set forth above, Defendant's Motion for Compassionate Release is **DISMISSED WITHOUT PREJUDICE**. (ECF No. 43.)

**IT IS SO ORDERED.**


**5/1/2023**                  s/Edmund A. Sargus, Jr.
**DATE**                     **EDMUND A. SARGUS, JR.**
                                      **UNITED STATES DISTRICT JUDGE**